# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLAYTON SCOTT CROWDER, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV-13-1070-D |
| MIKE WADE, et al., | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to an order by United States District Judge Timothy Timothy D. DeGuisti, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 cases, the Petition has been examined, and for the reasons stated herein, it is recommended that the action be **DISMISSED** on filing as second and successive.

## BACKGROUND

By this action, Petitioner challenges his convictions for of unlawful possession of a controlled drug with intent to distribute (Count I) and possession of a firearm during commission of a felony (Count II), in the District Court of Stephens County, Case No. CF-2007-174. Petition, 2. Petitioner filed a direct appeal, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed. Case No. F-2008-145, Oklahoma Court of Criminal Appeals (Oct. 29, 2008). Thereafter, the state court denied Petitioner's application for

post-conviction relief, and the OCCA again affirmed. Petition, 3-4. Case No. CF-2007-174, District Court of Stephens County (Nov. 30, 2009); Case No. PC-2009-1201, Oklahoma Court of Criminal Appeals (Mar. 10, 2010). Petition, 5-6.

On June 11, 2010, Petitioner filed a petition seeking a federal writ of habeas corpus. Case No. CIV-10-550-D, United States District Court for the Western District of Oklahoma. Petition, 6. In his Amended Petition in that case, Petitioner raised seven grounds for habeas relief: that his constitutional rights were violated when the trial court failed to sustain a motion to suppress the evidence; that a conflict of interest denied him effective representation at preliminary hearing; that there was insufficient evidence to support the conviction in Count II (possession of a firearm after former conviction of felony); ineffective assistance of appellate counsel based on an "actual conflict" and failure to raise claims of ineffective assistance of trial counsel; and ineffective assistance of trial counsel based on the attorney's alleged failure to investigate the "facts" and the admissibility of prior convictions, failure to move for suppression of certain evidence, and failure to object to the trial court's lack of instruction regarding the jury's notetaking. Case No. CIV-10-550-D (ECF No. 8). In his reply to the response filed in the previous federal petition, Petitioner attempted to raise an eighth claim involving an alleged discrepancy between his sentence and the sentence of his co-defendant, but that claim was not considered as it was raised for the first time in reply. *Id.* (ECF No. 16:2 n. 2).

On August 31, 2011, United States Magistrate Judge Bana Roberts entered a Report and Recommendation that the petition in that case be denied. *Id.* The Report and Recommendation was adopted by Judge DeGiusti on October 20, 2011. *Id.* Petitioner appealed the denial of his petition to the Tenth Circuit Court of Appeals, but the appeal was dismissed for lack of prosecution. Case No. 11-6301, United States Court of Appeals for the Tenth Circuit (Feb. 27, 2012).

On June 4, 2012, Petitioner filed another application for state post-conviction relief. Case No. CF-2007-174, District Court of Stephens County. In that application, Petitioner alleged that the State of Oklahoma knew of Rodney Richards' earlier indictment and failed to provide it to him in violation of the Sixth Amendment. That application was denied, and the denial was affirmed on appeal. Case No. PC-2013-375, Oklahoma Court of Criminal Appeals (July 31, 2013).

In this action, Petitioner raises the same claim urged in his latest application for state post-conviction relief: that the State failed to provide information that one of the law enforcement officers whose testimony was used against him (Detective Rodney Richards) had been previously indicted for two counts of perjury. Case No. CF-2006-52, District Court of Stephens County. Petition, 9. In his previous petition for federal habeas relief, Petitioner had alleged a similar *Brady* claim with regard to a later indictment against Richards. Case No. CF-2010-141, District Court of Stephens County. *See* Petition, 9. However, Petitioner alleges that he only learned of the earlier indictment "a little over a year ago." Petition, 9.

3

**DISCUSSION**

As part of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2244 was amended to provide that: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Because Petitioner filed this petition after the effective date of the AEDPA, this screening function applies to the present petition. *Pease v. Klinger,* 115 F.3d 763, 764 (10th Cir. 1997) (per curiam). As discussed above, and conceded by Petitioner, Petitioner has previously filed a petition for federal habeas relief with regard to the same conviction attacked in this action. His prior petition was denied on the merits, and he appeal was dismissed by the Tenth Circuit Court of Appeals for failure to prosecute.

The stringent limitations that AEDPA places on the filing of a second or successive petition for habeas corpus, depriving this Court of jurisdiction if they apply, make it vital to determine whether Petitioner's previous action triggers the gatekeeping provision. Although the ground raised in this petition appears to have a different factual basis than a similar ground raised in the previous petition, § 2244(b)(2) requires dismissal of a petition containing a claim that was not presented in a previous petition unless certain showings are made. 28 U.S.C. § 2244(b)(2).

Prior to the enactment of AEDPA in 1996, "new-claim" successive federal habeas corpus petitions-i.e., petitions raising claims that were not presented in the prisoner's

prior habeas corpus petition(s), were filed in the same manner and court as any other habeas corpus petition. The State had the burden of claiming, as a defense, that the petition constituted an abuse of the writ because it was successive. In this regard, the abuse of the writ doctrine functioned as a classic affirmative defense. As the moving party, the petitioner bore no burden unless the responding party invoked the defense and proved that it applied because the petition was "successive." Only if the state satisfied this pleading and proof burden, did the burden revert to the petitioner to "disprove abuse" by making an adequate showing of "cause and prejudice" or by showing that dismissal of the new claim would result in a "miscarriage of justice."

Through AEDPA's amendments of 28 U.S.C. § 2244(b), Congress substantially changed this treatment of new-claim successive petitions both procedurally, by creating what the Supreme Court has dubbed "a 'gatekeeping' mechanism for the consideration of second or successive applications in the district court," and substantively, by sharply narrowing the (already narrow) circumstances in which new-claim successive petitions are permitted. Randy Hertz & James S. Leibman, *Federal Habeas Corpus Practice and Procedure* § 28.3 (5th ed. 2005) (footnotes omitted). Under AEDPA, there are four situations in which a new-claims successive petition is not subject to the gatekeeping provision: If the petition attacks a different judgment of conviction, the petition was dismissed for lack of jurisdiction, the previous filing was not a type of filing that should be viewed as an application for a federal writ of habeas corpus, or there was no prior judgment on the merits. *Id.* at 1410, 1412, 1416, 1421, 1422. In this case, it is clear

that the previous denial does not fall into any of these categories. The undersigned finds that the previous disposition was on the merits based upon an analysis of the AEDPA gatekeeper provision, and the policy underlying it.

Because the current petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act and Petitioner challenges the validity of his conviction as he has unsuccessfully done in the past, he is required to show that he has been authorized to file a second or successive petition in this Court. Petitioner has not done so, and so the undersigned finds that this Court is without jurisdiction to consider the Petition now before it. *See Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (magistrate judge correctly recommended dismissal based on petitioner's failure to obtain prior authorization from this court before filing his petition in district court); *see* 28 U.S.C. § 2244(b)(3)(A).

Section 1631 permits the transfer of unauthorized second or successive habeas petitions to the Court of Appeals if it is in the interest of justice to do so. *See In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); (permitting district courts to transfer unauthorized second or successive claims to the circuit court under § 1631 if it is in the interest of justice to do so; *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). In *Cline,* the Tenth Circuit Court of Appeals provided factors to guide the interest-of-justice inquiry: "whether the claims would be time barred if filed anew ..., whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite

jurisdiction." 531 F.3d at 1251. Applying the *Cline* test, the undersigned recommends dismissal. In this case, Petitioner claims that his action is timely based on 28 U.S.C. § 2244(d)(1)(D). However, Petitioner's failure to seek the appropriate authorization is nowhere addressed in the current Petition, and so he has failed to offer any excuse for his failure to do so. Accordingly, the undersigned finds that dismissal rather than transfer is required.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that this action be **DISMISSED** for Petitioner's failure to seek authorization in the Tenth Circuit Court of Appeals to file this clearly second and successive petition for federal habeas relief.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **January 16, 2014**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010). The Clerk of Court is directed to send a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag.state.ok.us.

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on December 30, 2013.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE