# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLAYTON SCOTT CROWDER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-13-1070-D |
| ) | |
| MIKE WADE, et al., ) | |
| ) | |
| Respondents. ) | |

## ORDER OF DISMISSAL

Petitioner, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B), the matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings. In a Report and Recommendation [Doc. No. 11] issued on December 30, 2013, the Magistrate Judge recommended dismissal of the habeas petition pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. The Magistrate Judge determined the petition was second or successive under 28 U.S.C. § 2244(b)(2) and, therefore, that this Court is without jurisdiction to consider the petition. The Magistrate Judge further determined it would not be in the interests of justice to transfer the petition to the Tenth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631. Accordingly, the Magistrate Judge recommended dismissal of the petition without prejudice to refiling.

The Magistrate Judge specifically advised Petitioner of his right to object to the findings and recommendations set forth therein. He further advised Petitioner that his failure to timely object would constitute a waiver of his right to appellate review of the factual and legal matters in the Report and Recommendation. Petitioner's deadline for filing objections was January 16, 2014. However, Petitioner was granted an extension of time, *see* Order [Doc. No. 14], and timely filed his Objection [Doc. No. 15] on February 10, 2014.

Prior to filing the Objection, Petitioner filed a Motion to Vacate [Doc. No. 12] on January 13, 2014. In that Motion, Petitioner requests that he be allowed to withdraw his habeas petition without prejudice. The Court construes Petitioner's Motion to Vacate as a notice of voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. *See Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to habeas actions).

Where, as here, the notice of voluntary dismissal is filed before "service by the adverse party of an answer or of a motion for summary judgment," Rule 41(a)(1)(A)(i) confers upon a plaintiff the "absolute right to dismiss without prejudice and no action is required on the part of the court." *Janssen v. Harris,* 321 F.3d 998, 1000 (10th Cir. 2003). "'Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits or issue further orders pertaining to them.'" *Id.* (*quoting Duke Energy Trading & Mktg., L.L.C v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001)).

Petitioner's Motion to Vacate, construed as a voluntary notice of dismissal under Rule 41(a)(1), moots Petitioner's objection to the Report and Recommendation. *Compare Williams v. City and County of Denver*, No. 09-cv-00423-MSK-KLM, 2009 WL 2982858 (D. Colo. Sept. 17, 2009) (unpublished op.) (petitioner's filing of notice of dismissal automatically divested court of jurisdiction over claims and precluded court from addressing report and recommendation).

Petitioner's intent in subsequently filing an objection to the Report and Recommendation is not clear, nor is it clear the effect of that objection on the notice of voluntary dismissal. Even if, based on that objection, the notice of voluntary dismissal did not divest the Court of jurisdiction to consider the issues raised in Petitioner' s objection, the only challenge Petitioner makes is to the Magistrate Judge's determination that the action should not be transferred to the Tenth Circuit Court

2

of Appeals pursuant to 28 U.S.C. § 1631. In support, Petitioner merely reurges the merits of his habeas petition and fails to address the factors, as identified by the Magistrate Judge, relevant to the transfer determination. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Petitioner, therefore, has not shown the Magistrate Judge's determination that the action should not be transferred is erroneous.

Notably, Petitioner does not object to the Magistrate Judge's determination that the petition is second or successive. Petitioner, therefore, has waived any such objections and concedes dismissal without prejudice is proper.

Based on the foregoing, the Court DECLINES the Report and Recommendation as moot. The action is DISMISSED without prejudice to refiling.

IT IS SO ORDERED this 18th day of April, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE